THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRANK RIEDMAN, v. ALEX McCUE, one of the Judges of the City Court of Brooklyn.

*Code of Civil Procedure, § 111 — in a case where the judgment is recovered by the defendant — on failure of the attorney to pay, the sheriff must discharge the prisoner.*

Section 111 of the Code of Civil Procedure, provides that when, in the county of Kings, the sheriff has actually confined in jail a prisoner arrested by virtue of an execution, issued upon a judgment recovered in a court of record, he shall notify the attorney for the plaintiff, and the latter shall, within the time therein prescribed, pay to the sheriff the sum of twenty-five dollars for his support during the first twenty days, and that "if a payment required by this section be not made, the prisoner must be discharged."

*Held,* that this provision included the case of an execution issued in favor of a defendant as well as that of one issued in favor of a plaintiff.

That upon the failure of the attorney to make the required payment, the sheriff must at once discharge the prisoner. and that no order of the court was necessary to authorize him so to do.

CERTIORARI to review proceedings had before a justice of the City Court of Brooklyn, upon an application for the discharge of the relator on *habeas corpus.*

*George W. Roderick,* for the relator.

*Morris & Pearsall,* for the sheriff.

*Tracy & Catlin,* for Philip Mullen.

DYKMAN, J.:

Frank Riedman was arrested by the sheriff of Kings county on an execution against his person. It issued out of the City Court, of the city of Brooklyn, upon a judgment against him in an action in which he was plaintiff. He was confined in the common jail of that county. Thereupon the sheriff served on the attorneys for the defendant, in whose favor the judgment was, the written notice prescribed and required by section 111 of the Code of Civil Procedure. They did not pay any money in pursuance thereof. Riedman then applied to one of the judges of the City Court, of the city of Brooklyn, for his discharge upon a writ of *habeas corpus,* which was refused, and now the proceedings are all brought into the General Term for review.

Section 111 of the Code of Civil Procedure provides that when in Kings county the sheriff has a prisoner actually confined in jail, by virtue of an order of arrest in a civil action, or of an execution on a judgment in a court of record, or surrendered in exoneration of his bail, he must serve upon the plaintiff's attorney a written notice, stating that he has so confined the prisoner, and that the plaintiff is required to pay to the sheriff the sum of twenty-five dollars within three days after personal service of the notice, or six days after service by mail, for the support of the prisoner for the first twenty days after his actual confinement in jail, unless, in

the meantime, he is discharged or admitted to the liberties of the jail, in default whereof the prisoner will be discharged. At or before the expiration of each subsequent period of twenty days, during which the prisoner has been so confined, the plaintiff must pay a like sum to the sheriff for the support of the prisoner during the ensuing twenty days. Then occurs this clause. If a payment required by this section is not made the prisoner must be discharged. It will be observed that the language of this section applies to an execution issued in favor of a plaintiff, but it was intended to, and in spirit does, include the case of an execution issued in favor of a defendant, as in this case.

This legislation was induced by public consideration to prevent the long imprisonment of persons on civil process at the expense of the county. It was, doubtless, found that abuses had grown up in that respect, and that persons had been kept in long confinement without the ability to give bail, or give a bond for the liberties of the jail without any adequate benefit to the person in whose behalf the process for their imprisonment had been issued. The remedy provided for this evil is to compel the party, in whose interest the process is issued, to pay for the support of the prisoner whose confinement he secures, and the penalty for his failure is the discharge of the prisoner.

Such discharge cannot be refused because the prisoner fails to procure his admission to the liberties of the jail, for section 149 of the Code of Civil Procedure makes a provision for that, entirely separate and distinct from this, that a person in the custody of the sheriff, by virtue of an order of arrest, or of an execution in a civil action, or in consequence of a surrender in exoneration of bail, is entitled to be admitted to the liberties of the jail upon executing a bond to the sheriff as prescribed. The only prerequisite to the discharge of a prisoner under the section is the failure of the party, at whose instance he is imprisoned, to pay the sums of money required by the notice. The emphatic language is, if a payment required by the section is not made the prisoner must be discharged.

No application to a court or judge is necessary for his discharge, but it must be made by the sheriff in whose custody he remains. The prisoner must not be subjected to the expense and delay of a

legal proceeding to procure his liberty. By this section he is entitled to that at once on a failure of the party, at whose instance he is confined, to make the payment required, and it would frustrate the intentions of the law to require an order from a court or judge before he can obtain his freedom.

Such are our views in respect to the construction this statute must receive, and they lead to the conclusion that the order refusing the discharge of the relator should be reversed, and an order entered of his discharge.

BARNARD, P. J., and GILBERT, J., concurred.

Order reversed, and order to be entered directing discharge.